## C. D. COOK ET AL.

### v.

### ADOLPHUS MILLER.

*Injunctions—Irreparable Injury—Tax Deed—Rights of Mortgagee—Foreclosure—Evidence.*

Cook v. Miller.

1. Upon amended and supplemental bills in behalf of a mortgagee, praying for the taking of an account of legal taxes, penalties, interest and costs due and unpaid upon a certain lot forming a portion of the mortgage security, that ought in equity to be paid to the holder of the tax title thereof, and that the tax judgment be declared void, so far as it might affect the rights of said mortgagee, or the title of any purchaser at a sale made under decree of foreclosure, and that the temporary injunction before granted be made perpetual, this court holds that said mortgagee failed to prove himself entitled to the relief decreed; that the granting of such relief was not necessary to prevent the injury alleged, and that by the same the holder of the tax title was unnecessarily injured.

2. In the case presented, it is also *held:* That the mortgagee had ample security for his loan outside the lot in question, and that upon the assumption that the decree of the trial court was in other respects correct, it erred in not requiring him to refund to the holder of the tax title the amount of legal tax paid by him with interest at six per cent.

[Opinion filed January 6, 1890.]

APPEAL from the Circuit Court of Jefferson County; the Hon. C. C. BOGGS, Judge, presiding.

This cause was once before us and is reported in 26 Ill. App. 421. After it was remanded, and on June 9, 1888, Miller filed his amended bill alleging his interest in the lot in controversy as mortgagee of D. C. Warren, as in his original bill; that the mortgage conveyed also four other lots of the value of $1,200; that the lot in controversy is worth $1,800, and Warren paid collector all taxes due thereon, including those for 1880, but the collector neglected to mark them off and left them an apparent just charge against said lot, and the same were carried forward on the tax books from year to year until 1883, and on May 29th of that year judgment for taxes against said lot was obtained, and on June 8, 1883, the lot was sold thereunder to Cook for $228; that the time for redemption having expired Cook is about to apply for tax deed and thereby cause irreparable injury to complainant, in taking away and destroying a large part of his mortgage security; said Warren being, as complainant is informed and believes, insolvent and unable to pay said debt, or any considerable portion of it since its maturity; that fore-

closure of said mortgage and sale of said property will have to be made; that said tax judgment as against complainant is illegal, in that it included said taxes paid by Warren and an illegal and unconstitutional tax levied for county purposes; that Cook had notice thereof at and before the time he purchased; that the only amount legally due and unpaid for taxes, interest and penalties on said lot at the time of sale was $41.51, which sum Warren tendered collector before the sale, and it was by him refused; that complainant *is willing and able to pay* whatever taxes, penalties and costs may be lawfully and equitably due upon said premises to Cook, or into court; that nearly $3,500 of the mortgage debt is due and unpaid to complainant, and the entire property mortgaged is not worth the amount of debt and interest; that if Cook be allowed to take said lot complainant will lose more than one-half of his said debt; *prays for taking an account of legal taxes, penalties, interest and costs due and unpaid on said lot* that ought in equity to be paid by complainant to Cook; that said tax judgment be decreed void so far as it affects complainant's rights as mortgagee, or the title of any purchaser at a sale made under decree of foreclosure of said mortgage; that the temporary injunction heretofore granted be continued in force and for general relief.

On the same day Miller filed a supplemental bill, alleging the filing of his original bill, answer thereto and replication, hearing and decree for complainant, as prayed, the reversal thereof by this court and remanding of the cause; that since filing original bill complainant has been compelled to foreclose said mortgage and filed his bill for that purpose at December term, 1886, of said Circuit Court, and obtained a decree against Warren at that term for the payment of the mortgage debt, and in default of the payment thereof the mortgaged premises, including this lot, were by virtue of the decree, and on February 12, 1887, by the master in chancery, offered for sale in separate parcels, and no bid being made the same were then offered for sale in a body, and no one bidding as much as the debt, interest and costs, complainant was compelled to and did buy in all of said property and

Cook v. Miller.

received his certificate; that no one redeemed and complainant received his deed from the master and is in possession of, and has title to, all the said lots; that the illegal tax sale and judgment cast a cloud on his said title to the lot in controversy; prays said judgment and tax sale be decreed wholly subject to the rights of complainant, and so far as the same will have any effect as a shadow upon his title the injunction be made perpetual, and any tax deed to be issued upon said tax sale be postponed to and be declared subject to complainant's rights in said lot, and defendants be restrained from asserting the same as against the rights of complainant and for general relief. Answers were filed to the amended and supplemental bills, replications thereto were interposed, and upon the hearing a decree for Miller was entered and thereupon this appeal was taken. The court in this decree finds that Cook bought the lot at tax sale June 8, 1883; that said sale was made by virtue of judgment and order of sale of Jefferson County Court, entered at its May term, 1883, for taxes, interest, penalties and costs for the years 1875 to 1882, both inclusive, amounting to $228.56; that Warren was then the owner of said lot and Miller was then interested therein as mortgagee of Warren, by virtue of a mortgage executed and delivered May 4, 1881, to secure the sum of $3,000 and interest; that at the time of the rendition of said judgment the mortgage debt was due and unpaid and the mortgage lien then existed of record in favor of Miller; that Warren filed objections in said County Court at its May term, 1883, to the rendition of said tax judgment, and was heard, and as to him and his right, title and interest in said lot said judgment is conclusive, and the sale thereunder divested him of title, but subject to his right of redemption, which right, not having been exercised, said title and interest of Warren passed to Cook and became vested in him; that Miller was not personally subject to the jurisdiction of said County Court, where said judgment and order of sale were entered, and said judgment is not conclusive as to him; that the taxes upon said lot for the years 1875 to 1880, both inclusive, amounting to $145.97, had been paid by Warren to the collector prior to

the rendition of said judgment, and a receipt given therefor, but the collector did not mark the same as paid on the tax books; that the same were included in the sum for which said judgment was rendered, and entered into and formed the larger part of the amount for which said lot was so sold, and that the tax levied upon said lot for county purposes for 1882 was unconstitutional and void, and formed part of said tax judgment, and said judgment is decreed to be void as against the interest of Miller; finds said mortgage was foreclosed, and sale of mortgaged premises to Miller, the taking out of certificate and master's deed by Miller as alleged, and that he went into and is in possession of said lot as alleged; that Cook was not a party to the foreclosure suit, and the decree therein does not bind or affect his right or interest in said mortgaged property; that Cook is entitled by virtue of said tax judgment and sale, to receive and be vested with Warren's title in said lot, but that such right should not operate as a cloud upon Miller's title and interest, and Cook should take and receive Warren's title, subject to the lien of Miller's mortgage, to be enforced according to the equities of Cook and Miller existing then, or arising since, as may be determined hereafter by any court having jurisdiction of the parties and subject matter; that said tax judgment *is of no valid force or effect as against Miller* as mortgagee, *but, as to his equities and liens* arising by reason of said mortgage, said judgment and the sale thereunder, and all proceedings thereunder, shall be for naught esteemed further than to pass to Cook all Warren's title and interest in and to said lot; that Tanner, the county clerk, be relieved of the injunction, to the end he may, upon presentation of said certificate of purchase by Cook, and of such further evidence and proofs as by the statute required to authorize its issuance, execute and deliver tax deed to Cook, in form as provided by the statute, conveying to Cook said lot, provided he applies for said deed within one year, and permits Cook to apply for and receive said deed, but that the title to be conveyed by said deed is to be received by Cook subject to the lien of Miller's mortgage on the lot, and that Miller and Cook each pay half the costs.

Mr. C. H. Burton, for appellants.

- It is claimed that there is a small unconstitutional tax involved in the tax of the year 1882, and for that reason this court will take jurisdiction. An injunction will not be granted to enjoin the collection of a void tax except in rare cases where an irreparable injury will be done. Cook County v. C., B. & Q. R. R. Co., 35 Ill. 460; Munson v. Miller, 66 Ill. 380; Porter v. R. R. I. & St. L. R. R. Co., 76 Ill. 596.

Miller's mortgage provides that he should pay the taxes in case Warren failed to pay, and include the amount in his decree of foreclosure. By so doing his security would not have been impaired. His failure to pay the taxes was gross neglect and he can not now come into a court of equity and ask relief from his own *laches*. To do so would be to encourage the non-payment of taxes, and would soon destroy the power of the State to collect its revenue.

Under the statute he was given two years from the date of the tax sale in which to redeem. He admits receiving notice of the purchase by Cook and of his intention to apply for a tax deed, but he slept upon his rights and has lost his privilege. This court has frequently held that a person, except when under some disability, could not redeem from a tax sale after the expiration of the time fixed by law. Starr & C. Ill. Statute, Revenue Law, Sec. 212.

It is not contended by appellee that he is under any disability that would exempt him from a prompt redemption within the two years, as required by law.

The sale was made June 8, 1883, the date for redemption expired June 8, 1885, and on July 15, 1885, appellee filed his bill. No diligence whatever is shown by appellee to entitle him to any equitable aid.

But if he could claim the right to redeem he could do so only upon equitable terms. "He who seeks equity must do equity." Miller should have offered in his bill to pay the amount of Cook's bid at the tax sale and six per cent. interest, less the amount of illegal tax, if any, in the judgment. Reed v. Tyler, 56 Ill. 293; Reed v. Reber, 62 Ill. 240; Farwell v. Harding, 96 Ill. 32; Barnett v. Cline, 60 Ill. 207; Story's Equity Jurisprudence, Sec. 301; Moore v. Wayman, 107 Ill. 195.

As was held in the last case cited, "the demurrer in this case should have been sustained, because the bill was defective in not offering to refund the money paid by the holder of the certificate at the tax sale; and the decree was erroneous because it did not require such payment as a condition to the relief sought," etc.

Mr. C. H. PATTON, for appellee.

The county board levied a rate of one dollar for "county tax" in the year 1882 upon the lot in question. This was contrary to the constitution as well as the statute. Const. 1870, Art. 9, Sec. 8; Starr & C. Ill. Stat. Chap. 120, Sec. 122.

This illegal tax entered into the judgment for taxes complained of, which fact made the judgment and sale void. McLaughlin v. Thompson, 55 Ill. 249; Riverside Co. v. Howell, 113 Ill. 256; Kemper v. McClelland, 19 Ohio, 308; Gamble v. Witty, 55 Miss. 26; Dogan v. Griffin, 51 Miss. 782; Hardenburg v. Kidd, 10 Cal. 402, and cases cited in the opinion; Lacy v. Davis, 4 Mich. 140; Buell v. Irwin, 24 Mich. 145; Watters v. Laper, 40 Mich. 624; Silsbee v. Stockle, 44 Mich. 561; Blackwell on Tax Titles, 437; Black. on Tax Tit., Sec. 97, Note 1, where a large number of authorities are cited.

When the illegal part of the tax was eighty-seven cents, the maxim *de minimis non curat lex* was held not to apply. Hose v. Merriam, 2 Greenleaf, 377, cited in Hardenburg v. Kidd, *supra;* Case v. Dean, 16 Mich. 12; Blackwell on Tax Titles, *162, and cases cited.

Also, to same effect, see McLaughlin v. Thompson, 55 Ill. 251; Wells v. Burbank, 17 N. H. 393.

"Purchasers at tax sales, while availing themselves of the opportunity of obtaining highly remunerative profits on small investments, are bound to know, at their peril, when purchasing at a tax sale, that the supposed delinquent is in truth and in fact delinquent."

Payment of taxes destroys the power of the State to sell the land. Black. on Tax Tit. (1888), Sec. 50, 69 and 96 and notes.

"A sale of land for taxes assessed upon it for several years,

Cook v. Miller.

when the taxes for one or more years have been paid, is irregular and void." Black. on Tax Titles, Sec. 96; Kinsworthy v. Mitchell, 21 Ark. 145.

The proof shows, and it is not denied, that Warren tendered to the collector the full amount of the taxes for 1881 and 1882, the sum being $41.51, as given him by the collector. All prior years having been paid, and the remainder due up to the time of the sale having been tendered, the sale was void. Cooley on Taxation (2d. Ed.), 453; Blackwell on Tax Tit. 410; Black. on Tax Tit., Sec. 50 and 96.

"If the owner, or any one else who has the right to make payment, tenders the amount of the tax to the proper officer, such tender will effectually stop a sale, whether accepted or not." Black. on Tax Tit., Sec. 50 and note 4.

The *onus* is on the purchaser to show full compliance with every step required by law. Cooley on Taxation (2d Ed.), 472; Conway v. Cable, 37 Ill. 82; Black. on Tax Tit., Sec. 49 and note 2.

In the last citation Mr. Blackwell says: "Upon this point the authorities are unanimous." Williams v. Underhill, 58 Ill. 137.

If one step fails it is as fatal to a tax sale as if all had failed, and the courts will not aid them. Cooley on Taxation (2d Ed.), 470, 474 and 476, and cases cited; Black. on Tax Tit., Sec. 49; Cogburn v. Hunt, 56 Miss. 718.

A tax purchaser is not a *bona fide* purchaser as that term is understood in the law; *caveat emptor* applies, and he gets nothing unless he gets the land itself. Cooley on Taxation, 476; Hamilton v. Valiant, 30 Md. 139; Sullivan v. Davis, 29 Kan. 28; Castlebury v. Piscataway, 43 N. J. 353; Black on Tax Tit., Sec. 263.

A tax title, if so at all, is so.*stricti juris* and is purely technical as distinguished from a meritorious title, and its defects can not be cured in a court of equity. Altes v. Hinckler, 36 Ill. 265; Keeper v. Force, 86 Ind. 81; Black. on Tax Tit., Sec. 224; Blackwell on Tax Tit. (4th Ed.) *34, note 2; Chappell v. Spire, 106 Ill. 475; Charles v. Waugh, 35 Ill. 315.

In Black. on Tax Tit., Sec. 238 and note 1, it is said:

"It may be regarded as settled that the right to bring suit for the purpose of setting aside a tax sale and having the deed declared void is not confined to the original owner of the land, but may be exercised by his mortgagees, * * * or any one who can show such an interest in the land as would entitle him to redeem." See also, Cooley on Taxation, p. 508 ; Blackwell on Tax Tit. 652.

Appellee, who as mortgagee had the right to pay the taxes to protect his lien, has then the right to bring this injunction suit to prevent the destruction of that lien, and this supplemental bill to prevent an apparent cloud upon his title.

Appellee was not a party to the suit of Warren v. Cook, and hence not bound by the decree. Town of Lyons v. Cooledge, 89 Ill. 530 ; Mail v. Maxwell, 107 Ill. 554 ; Holman v. Gill, 107 Ill. 467 ; Scates v. King, 110 Ill. 456 ; Miller v. McManis, 57 Ill. 126.

The objections to the evidence amounts to nothing because in chancery cases the chancellor is presumed to decide upon the legitimate evidence and to reject the irrelevant testimony. Stone v. Wood, 85 Ill. 609.

This case was tried by the court mainly upon oral testimony, and the chancellor saw and heard the witnesses, and in such case his decree finding the facts in favor of appellee will not be reversed unless the Appellate Court can say that the decree was clearly and palpably wrong. Wiegleb v. Thomsen, 102 Ill. 159 ; McCormick v. Miller, 102 Ill. 214.

The principle that where one has two funds to which he may resort, while another can reach but one of these funds, the first shall first resort to the one which will not injure the other, is only applicable to sureties and creditors. Prout v. Lomer, 79 Ill. 331 ; Rogers v. Meyers, 68 Ill. 92 ; Brown v. Cozard, 68 Ill. 178 ; Plain v. Roth, 107 Ill. 588.

Appellant, as a tax purchaser, is hostile in interest to appellee and every other interest in the land, and there can be no equities between them. Equities only arise out of contract relations.

The claim that the former opinion of this court in this case makes it a bar here where the pleadings, issues and facts

in evidence are different, is not tenable. It is only where the same issues and state of facts are again brought up, that this court will refuse to examine them. C., B. & Q. R. R. v. Lee, 87 Ill. 454; Quayle v. Guild, 91 Ill. 378.

GREEN, J. The Circuit Court erred in not requiring Miller to refund the amount of legal tax paid by Cook with six per cent. interest, even if the decree is in other respects right. Miller admits in his amended bill $41.51 was legally due and unpaid at the time of tax sale, for taxes upon the lot in controversy, and alleges *he is willing and able to pay* all lawful taxes and interest lawfully and equitably due upon said lot, and prays an account thereof may be taken. But the relief decreed was not burdened with the condition that Miller should pay Cook the amount of such lawful tax and interest, and was broader than the relief prayed for. We observe the court found the amount of taxes paid and *illegally* included in the tax judgment, but ignored the question submitted, what amount of *legal* taxes were included therein, and did this doubtless upon the theory of counsel for appellee, that because Cook is permitted to take out his tax deed, Miller is not required by the statute to refund the amount of legal taxes paid by Cook. This position under the facts appearing in the record, is not tenable. The decree for foreclosure, sale and deed thereunder, to Miller, divested Warren of his title to the lot. The decree in this case finds the tax judgment, under which Cook gets title, void as against Miller, and that Cook, by virtue thereof and of his purchase, became vested with Warren's title, subject to Miller's mortgage lien, and as to his equities and lien by reason of said mortgage the tax judgment and sale and all proceedings thereunder are void, except to pass Warren's title, and the tax deed Cook is permitted to take out he must receive subject to Miller's mortgage lien. In short, it is decreed, Cook is entitled to be vested with Warren's title and interest, which were swept away by the decree, sale and master's deed to Miller; Cook is permitted, in some other proceeding hereafter, to litigate his equities against Miller's, as mortgagee, but as against Miller's equities this decree de-

termines the tax judgment sale and all proceedings thereunder are void, and the result is that Cook, armed with a tax deed conveying no title and decreed to be void as against Miller's equities, is remitted to the barren remedy of litigating his equities against equities which, by this decree, are already adjudged to be paramount and superior, and yet, notwithstanding the decree, places Cook in this position. It is insisted Miller should not have been required to pay the amount of lawful taxes on said lot, paid by Cook, which the owner neglected to pay, which were a lien on the lot, and which Miller in his bill and amended bill alleges he is able and willing to pay. To so hold would be inequitable and unjust, a perversion of the statute and contrary to the ruling of our Supreme Court in cases like this. Gage v. Busse et al., 102 Ill. 593; Moore v. Warfman, 107 Ill. 195. But another and more important question yet remains to be decided, viz.: Has Miller by this record shown that he was entitled to the relief prayed for and decreed? To sustain this decree he must show that in justice and equity and for the reasons alleged in his pleadings he was entitled to the relief prayed for and decreed; that the granting thereof was necessary to prevent the irremediable injury he alleges he would otherwise suffer, and by decreeing such relief Cook was not injured unnecessarily. These we believe are equitable rules applicable to this case. The injunction must be founded on the case made by the bill, amended and supplemental bills. 2 Dan. Ch. Pr. & Pl., 5th Ed. 1619. "Where either party may suffer by granting or withholding an injunction the rule in equity requires the court to balance the inconveniences likely to be incurred by the respective parties, by reason of the action of the court, and to grant or withhold the injunction according to a sound discretion." Hilliard on Inj. 22, Sec. 39.

"An injunction being the strong arm of equity should never be granted except in a clear case of equitable injury and with a full conviction on the part of the court of its urgent necessity." High on Inj., Chap. 1, Sec. 22; Citizen's Coach Co. v. Camden Horse R. R. Co., 29 N. J. Eq. 299 and cases there cited. The Circuit Court evidently assumed that the

Cook v. Miller.

main and only important questions presented for its determination were, whether Miller was estopped from assailing Cook's tax title, and whether Miller had acquired a title as purchaser at the sale in foreclosure upon which a cloud might be cast, if Cook be permitted to take out unconditionally a tax deed to the lot in controversy; and upon this theory the court omitted any finding touching the value of the mortgaged lots, and based its decree upon the facts that the tax sale and all proceedings thereunder were illegal, and that Miller had a deed to and was in possession of the lot in controversy, and these facts existing, Miller was entitled to hold and possess said lot, free and clear from any cloud that might be cast upon his title by a tax deed to Cook. In our judgment the right to have this cloud removed and to have Cook's tax deed decreed invalid depended upon the proof by Miller of the material allegation that unless the judgment tax sale and the title acquired by Cook be decreed void as against Miller's mortgage lien, the latter would suffer irremediable injury by losing a large part of his security and a large part of the debt secured. This is the ground for the relief and the issue is directly tendered by the allegation of the bills, that the lots mortgaged, leaving out the lot in controversy, were not sufficient in value to satisfy the mortgage debt. This question was not determined by the decree or by any finding therein as it should have been. It was the question in the case. The bills were not exhibited for the purpose of trying title but to prevent an alleged irremediable injury, and the equitable rights of Miller are not alone to be considered, but Cook also has equitable rights that ought not to be ignored.

It appears he purchased in good faith, without knowledge that the taxes on said lot had been in part paid, but with notice furnished by the record that the owner appeared in the County Court, withdrew all objections and consented to the rendition of the tax judgment; Miller was notified by Cook of his purchase at tax sale of said lot, and when the time for redemption would expire, but did not redeem or offer to redeem or to refund the amount he admits Cook is entitled to, although by the terms of his mortgage he had a lien for the

amount of legal taxes paid by him, which Warren neglected or refused to pay. Cook also defended against Warren's bill, filed in April, 1885, to set aside said tax judgment and sale until the final adjudication in the Supreme Court. Miller knew at the time Warren's bill was filed that it had been filed, and employed Warren's attorney to look after his interest, but did not seek or offer to be made a party to or to litigate his rights in that proceeding, and waited until the time for redemption from the tax sale had expired and until his attorney believed Warren was about to be defeated in the Circuit Court, and then, on July 15, 1885, filed his original bill herein. Under these circumstances Cook is entitled at least to insist that Miller should be required to prove his case as he has alleged it to be before he is decreed the relief prayed, and we find by the evidence he has failed to do this. The proof satisfies us the four city lots mortgaged, exclusive of the lot in controversy, were and are in value equal at least in amount to the mortgage debt, admitted to be only $3,028.58 at the date of decree in foreclosure, and afforded ample security for said debt; nor do we regard the fact that no one but Miller would bid more than the amount of debt, interest and cost at the mortgage sale for all five lots, a circumstance justifying a different conclusion. Cook would not bid at a sale of property which included the lot to which he was asserting a title hostile and adverse to that of Miller and others; understanding, as they doubtless did, that they would probably have to defend their purchase by an expensive litigation, would naturally be deterred from buying. Miller's acts also indicate, he thought, the security ample without this lot. The mortgage was executed May 4, 1881; the debt matured in three years; on June 8, 1883, this lot was sold to Cook at tax sale, and the mortgage provided that "failure to pay taxes when due and payable, shall work to mature the entire debt secured by this mortgage, and authorize a foreclosure of the same, as if the note had matured by lapse of time," and yet no effort was made to enforce the collection of the mortgage debt until Miller filed his bill to foreclose on December 23, 1886.

Moreover, if Miller is not permitted to take this lot, and it is discharged from his mortgage lien, he holds unreleased, as additional security for his debt, a mortgage on one hundred acres of land, executed, acknowledged and delivered to him by Warren, April 23, 1886, conditioned to be valid as security for said debt if in this proceeding Miller shall lose his security on the lot in controversy.

We conclude, then, appellee has failed to prove the irreparable injury alleged, and no necessity appears requiring the relief decreed; but on the contrary this proceeding seems to us to have been commenced and carried on, not for the protection of Miller, but in the interest of Warren, who encouraged its prosecution to the extent, at least, of indemnifying Miller against loss if he should be defeated.

To affirm the decree would work injustice. Warren, who attempted unsuccessfully by his bill to avoid the payment of taxes on this lot and to set aside the tax sale, would by this decree be permitted indirectly to accomplish the same purpose and have the value of the lot applied upon his debt to Miller; Cook, who purchased in good faith and defended his title through a tedious and expensive litigation, will be stripped of that title for the benefit of Warren, and this injury to Cook will be done without any necessity requiring it for the protection of Miller against the loss of any part of his mortgage debt.

For the reasons that Miller has failed to prove he is entitled in equity to the relief decreed, that granting such relief was not necessary to prevent the injury alleged, and that by the decree Cook is injured unnecessarily, we reverse the same and remand the cause with directions to the Circuit Court to dissolve the injunction, and dismiss the bill, amended and supplemental bills.

*Reversed and remanded with directions.*